**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN BONDS, AKA Slim, | No. 16-35901 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01745-RAJ-MAT |
| v. | |
| RYAN PHILLIPS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Federal prisoner Nathan Bonds, aka Slim, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising out of his detention and arrest by state officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hughes v. Kisela*, 862

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 775, 779 (9th Cir. 2016), and we affirm.

The scope of the appeal is limited to summary judgment on Bonds's excessive force claim against Deputy Sheriff Ryan Phillips because Bonds failed to file an amended notice of appeal regarding the grant of summary judgment as to Washington State Department of Corrections Specialist Michael Woodruff. *See* Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right . . . may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4.").

The district court properly granted summary judgment on Bonds's excessive force claim because Bonds failed to raise a genuine dispute of material fact as to whether Deputy Sheriff Ryan Phillips's action of handcuffing Bond in the holding cell was an objectively unreasonable response to an immediate threat to Phillips and others' safety. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (describing the factors to be considered in light of the totality of the circumstances).

We do not consider any claims that Bonds did not raise before the district court or matters not specifically and distinctly raised and argued in Bonds's opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-35901